UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

WALLESCA PENZ,

                  Plaintiff,

vs.

SUPERINTENDENT LEROY FIELDS,

                  Defendant.

-------------------------------------------------------------x

**COMPLAINT**

## INTRODUCTION

Plaintiff has pending a federal lawsuit alleging that Captain Al Washer engaged in quid pro quo sexual harassment while she worked at Fishkill Correctional Facility in Dutchess County, New York.  After commencing that lawsuit, defendant failed and refused to provide plaintiff with a warranted light duty assignment, derailing her career and causing her substantial economic damages, and then refused to allow her to return to work once medically cleared, further injuring her.  He so acted in solidarity with Washer and to punish plaintiff from accessing the federal court with and through her civil rights lawsuit.

## PARTIES

1.  Plaintiff, Wallesca Penz, is a female correction officer who resides and is employed in this judicial district and has initiated a federal lawsuit alleging that defendant Washer engaged in *quid pro quo* sexual harassment against her.

2.  At all material times, defendant Superintendent Leroy Fields served as Superintendent of Fishkill Correctional facility [FCF].

**JURISDICTION**

3.  As plaintiff alleges that defendant retaliated against her for the filing of a federal lawsuit seeking to vindicate federally-guaranteed rights, this Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1343 and 42 U.S.C. sections 1983 and 1988.

**FACTUAL ALLEGATIONS**

4.  In early June 2018, after years of complaining about his conduct to superiors at FCF, plaintiff filed a lawsuit against Captain Al Washer in this court, 18 cv 4964 (VB).  That lawsuit is still pending and awaiting a trial scheduled in May 2021.

5.  At the time this lawsuit was filed, defendant was Superintendent at Fishkill C.F.

6.  Despite her repeated requests, defendant took no steps to investigate or punish Washer or to insure that he desist from imposing himself upon plaintiff and interfering with the terms and conditions of her employment or those of her husband, who also then worked as a Correctional Officer at the facility.

7.  Plaintiff's lawsuit received media coverage and the defendant knew both about the lawsuit and its allegations of his role in failing to appropriately respond to Washer's sustained behavior which included numerous adverse acts/omissions which detrimentally affected plaintiff's experience at work.

8.  On February 7, 2019, after the lawsuit was initiated, an inmate attacked plaintiff while they were both in the mess hall at FCF.

2

9. The inmate choked plaintiff from the front, causing her to fall and injure her lower back, neck, and left knee and to sustain a concussion.

10. For the six months following this event, or into August 2019, plaintiff was out of work on full salary.

11. In July 2019, plaintiff's doctors cleared her to return to work light duty, but defendant refused to allow her to return to work at the Fishkill C.F..

12. By and at the time, defendant allowed other officers who had sustained work related injuries and not filed lawsuits alleging violations of federal law in their working conditions to return to work light duty.

13. A recent example at the same Correctional Facility is Officer Feijoo who was also assaulted by an inmate from the same unit, choked and caused to suffer back, shoulder and knee pain.

14. Defendant allowed this male officer, who has never filed a complaint of gender discrimination or sexual harassment, to return to work after being out only for 5 months, provided him with a light duty assignment and then, after six weeks, converted him to full duty.

15. As a consequence of defendant's refusal to allow her to return to work light duty, starting in August 2019, plaintiff received half pay and suffered substantial economic damages.

16. In April 2020, Dr. Adrienne Salamon, a board-certified neurologist, cleared plaintiff to return to work full duty effective June 1, 2020.

17. At around the same time, Dr. Orsuville Cabatu, a Physical Medicine and Rehabilitation Specialist who was treating plaintiff for injuries sustained during the inmate attack, also cleared her to return to work full duty.

18. On May 21, 2020, Fishkill Correctional Facility, through its Medical Information Officer, provided plaintiff with a receipt for medical/personal documentation showing her return to work for light duty date as June 1, 2020.

19. The same day, plaintiff wrote defendant Fields, reiterating the allegations of her pending federal lawsuit and requesting that she not be supervised by Washer or Deputy of Security Urbanski and that she be placed on tour 2 to retain separation from the command of these men while she was on light duty.

20. However, rather than returning plaintiff to full or light duty, defendant Fields arranged an appointment for plaintiff with the Employee Health Services in Albany.

21. Such examinations were irregular and not routinely arranged for officers who provide medical evidence of their fitness for light or for fully duty.

22. Defendant Fields arranged such an evaluation as a means of delaying and erecting an obstacle to plaintiff's return to work and its mere arrangement signaled Employee Health Services of his desire for it to disallow plaintiff to return to the workplace.

23. Evidence for this is found not only in the unusualness of the request for examination but in the nature of the examination itself: on June 30, 2020, an EHS doctor spent about 10 minutes with plaintiff.

24. On July 20, 2020, plaintiff's employer summarily advised her that the physician conducting this examination had as summarily deemed her unfit to perform the essential duties of a Correction Officer with no elaboration as to what led to this conclusion or whether she could perform, as she had requested, light duty.

25. DOCSS' Director of Personnel Kelly Ahearn advised plaintiff of this finding and further that she could use her leave accruals, receiving half-pay until they were exhausted.

26. In addition, Ms. Ahearn further advised plaintiff that, should she be absent cumulatively for two years and not be cleared to return to work, her employment could be terminated pursuant to section 71 of the New York State Civil Service Law.

27. On July 23, 2020, Dr. Govindlal K. Bhanusali, an orthopedist, performed a second IME of plaintiff for the Worker Compensation Board and recommended that plaintiff have a functional capacity evaluation to see whether she could resume regular work.

28. Defendant Fields never sent plaintiff for such an evaluation.

29. During his examination, Dr. Bhanusali found no medical condition which would preclude plaintiff from returning to work full duty.

30. Dr. Bhanusali recommended that plaintiff be permitted to resume full-time employment on October 23, 2020, but defendant refused to allow her to do so.

31. Instead of returning her to work as recommended, on October 21, 2020, defendant Fields had plaintiff, who had by then exhausted all her accruals, removed from DOCSS' payroll and, as a consequence, she lost her medical insurance.

32. Defendant Fields made the decision not to restore plaintiff to the payroll and to deny her either light or full duty.

33. Defendant Fields so acted due to animus arising from her ongoing lawsuit against Captain Washer.

34. Defendant Field's failure to ever recommend any punishment for Washer for his pattern of sexually harassing conduct toward plaintiff and other female subordinates confirms his retaliatory animus toward Penz who he would have preferred not to continue employment at the Fishkill C.F.

35. By dint of the treatment outlined above, defendant Fields caused plaintiff pecuniary and other compensable damages arising from the emotional distress and mental anguish.

## CAUSE OF ACTION

36. Plaintiff incorporates paras. 1-35 as if fully set forth herein.

37. By retaliating against plaintiff her the initiation of her lawsuit against Washer, defendant violated plaintiff's right to access the federal court, as protected by the First Amendment, and her right to be free of retaliation for her lawsuit alleging gender-based sexual harassment, as guaranteed by the Fourteenth Amendment, both of which are clearly established constitutional rights about which a reasonable Superintendent of a state correctional facility would be apprised.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays that this Court accept jurisdiction of this matter, aware to plaintiff compensatory and punitive damages, with pre- and post-judgment interest, to order defendant to forthwith return plaintiff to her post, to award attorney's fees and reasonably incurred litigation costs to plaintiff and to enter any other order which the interests of law and equity dictate.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & ASSOCIATES
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991
(845)-294-1623 (FAX)
Sussman1@frontiernet.net
Counsel for Plaintiff

Dated:  January 4, 2021